YARRUT, Judge.
Plaintiffs-Appellees brought this quo warranto action against Defendants-Appellants, charging that Defendant-Calogero illegally secured his election as President of Plaintiff-Association, and was aided and abetted therein by his co-Defendants. Plaintiff obtained an alternative writ of quo warranto under LSA-C.C.P. Art. 3901, and prayed for an injunction to restrain Defendants from performing any official acts for the Association.
Defendants denied Plaintiff was President, but that Defendant-Calogero was, and his co-Defendants were lawful officers.
After trial on the merits, the District Court held that Defendants had been illegally elected, and made the writ peremptory; and granted an injunction as prayed against all Defendants, from which they were granted a suspensive appeal. The record discloses these facts:
The whole controversy arose at a meeting of the Association (a non-profit corporation) called for the purpose of hearing various candidates in the then pending *892 New Orleans mayoralty election. The meeting convened early to consider matters proposed by the Association’s steering committee, but the primary purpose was to hear the mayoralty candidates.
Several candidates had come and gone. A long period elapsed before the last two guest speakers arrived, during which the 2nd Vice-President (Defendant-Calogero) attempted to get a roll call before considering the other business on the agenda. Plaintiff-Stire, presiding as Chairman and President, objected. The meeting then became unruly and noisy, described by one witness as “something less than order.” Plaintiff asked those present, “What is your pleasure?” Mr. Ciaccio, in response, made a motion to adjourn, seconded by Mrs. Bih-li. A voice vote was taken and the motion to adjourn was declared carried by Plaintiff, following which he and a group of 80 left the meeting.
Defendants-Appellants deny that a motion to adjourn was ever made or a vote taken. Due to the clamor, only the principals, Mr. Ciaccio and Mrs. Bihli, were certain in their testimony that a motion and a second had been made, and a vote taken. Defendant-Calogero attempted to have Mr. Stire return to the platform, but to no avail.
Those remaining at the meeting then endorsed a candidate for the mayoralty, and transacted other Association business, including the so-called “election” of Defendant-Calogero'to the post of President.
The District Judge concluded that the meeting had adjourned, as reflected by the minutes of the meeting, and from the Bench properly summarized the issues as:
“I think the material question in this case is to determine whether or not there was a valid adjournment in that meeting on November 7th, If it was valid * * * any action taken after the adjournment is of no weight or effect * * * Now, I do not think that, at the meeting of November 7th, they could depose those officers, because in the call, it was not stated that the call was for that purpose. It must certainly be stated that the call was for the-purpose of removing the officer or having an election. It must certainly be-stated that those officers will be given a hearing under the by-laws of the organization * * *. The only thing I’m interested in is whether or not the-membership voted to adjourn that meeting on November 7th. * * * If they did do it, then whatever transpired later is certainly invalid and would have no weight or effect except as a group of people endorsing their candidate * * * •”
and then made the writ of quo warranto-peremptory, but granted a suspensive appeal.
There is a dispute that Plaintiff and other officers were elected originally either by the membership or the Board of Directors, held office, and were acting as such without challenge or protest when the meeting was called, convened and proceeded. It was further admitted, in oral argument, that the term for which Plaintiff and other officers were elected would, by now, have expired by limitation of the charter or by-laws, but, because of this suspensive appeal, no election has since been held, and that duly elected officers would be entitled to hold office until their successors were legally elected and installed.
For the reasons assigned, and since the right to hold and exercise the office of President and other offices of the Association must be decided at an election to be held, as provided by the charter and bylaws of the Association, the matter must be remanded to the District Court for the purpose of having that Court order an election, to be held under its direction and supervision (LSA-C.C.P. Art. 3902), reserving to all parties the right to challenge the proper holding of the election, as well as the qualification of those participating therein; the present judgment of the District Court to remain in full force and effect until dis *893 position of the case on remand, or any appeal therefrom; costs of this appeal and on remand to await final disposition of the case on remand.
Case remanded, with instructions.